UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. R.,

　　　　　Plaintiff,

　v.

SSA COMMISSIONER, et al.,

　　　　　Defendants.

Case No. 25-cv-04832-EMC

**ORDER GRANTING ATTORNEY FEES**

Docket No. 18

On March 3, 2026, the Court granted Plaintiff's motion for summary judgment and remanded the case to the Social Security Administration for immediate award of benefits. Dkt. No. 14. On April 6, the Court granted the parties' stipulation for the award of $11,700 in attorney fees to Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Dkt. No. 17. Plaintiff's counsel now moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b). Counsel seeks a gross of $14,411.50 in fees, subject an offset to Plaintiff for the EAJA fees previously awarded in the amount of $11,700. In other words, Plaintiff's counsel seeks $2,711.50 in additional fees. The Government does not oppose the motion. Dkt. No. 19. Plaintiff was served with the motion and has not objected. Dkt. No. 20.

Section 406(b) provides that "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . and the Commissioner of Social Security may...certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). "[A] prevailing [disability] claimant's [attorney's] fees are payable

only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 780, 792 (2002). If there is a fee-retainer agreement, that is the "primary means" by which fees are determined. *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009). However, the Court must review counsel's request for fees "as an independent check" to ensure that the contingency fee agreement will "yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In making this assessment, the Court considers whether the attorney's performance was substandard, whether the attorney engaged in dilatory conduct, and whether the benefits were in proportion to the time spent on the case. *See Crawford*, 586 F.3d at 1151; *Gisbrecht*, 535 U.S. at 808. "The district court does not apply the lodestar method, but may consider a lodestar calculation as an aid in assessing the reasonableness of the requested attorneys' fees." *Valdivia v. Comm'r of Soc. Sec.*, No. 25-cv-01791-BLF, 2026 U.S. Dist. LEXIS 124209, at *3 (N.D. Cal. June 4, 2026) (citing *Crawford v. Astrue*, 586 F.3d at 1147).

In this case, Plaintiff and Plaintiff's counsel have a contingency fee retainer agreement giving counsel a 25% fee. Dkt. No. 18-1. The past-due benefits awarded here were $94,446. 25% of these benefits comes to $23,611.50. Counsel seeks only $14,411.50 in fees. Counsel submits that she worked 50.8 hours on the case, meaning that her fee request reflects an effective $283.69 effective rate. Dkt. No. 18-3. Courts in the Ninth Circuit have approved effective hourly rates far in excess of this rate. *See Valdivia v. Comm'r of Soc. Sec.*, No. 25-cv-01791-BLF, 2026 U.S. Dist. LEXIS 124209, at *5 (N.D. Cal. June 4, 2026) (effective hourly rate of over $800 reasonable); *Garcia v. SSA Comm'r*, No. 23-cv-00131-TSH, 2026 U.S. Dist. LEXIS 97037, at *5 (N.D. Cal. May 1, 2026) (rate of over $300 was "well below" approved effectively hourly rates). Plaintiff's counsel filed this case in June of 2025 and obtained final judgment in March of 2026; the record thus does not reflect delay by counsel. *Gisbrecht*, 535 U.S. at 808. The Court's review of the record does not indicate any reason to reduce the requested fee, which falls below the 25% cap. Counsel's motion for a gross fee of $14,411.50 pursuant to 42 U.S.C. § 406(b) is **GRANTED.**

Counsel makes an administrative request that this fee be paid to her as a net payment of $2,711.50 (rather than being paid the full gross fee and paying a refund to Plaintiff).  Counsel's request is likewise granted.  The SSA shall issue payment in the net amount of $2,711.50, payable to Margaret Lehrkind.

**IT IS SO ORDERED**.

Dated: 6/30/2026

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3